[Crim. No. 30868. Second Dist., Div. Five. Nov. 17, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT YARBROW, Defendant and Appellant.

**Counsel**

Gillingham & Jackson ·and Howard W. Gillingham for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen, Jeffrey A. Joseph and Gary W. Schons, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.—** ▮ There is one issue requiring reversal in this case. We necessarily apply the clear reasoning in *People* v. *Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997].

Defendant is entitled to a further comment by this court, albeit advisory only. In case of a retrial, and the giving of an instruction on section 511 of the Penal Code, we see no reason not to give the *complete* applicable portion of the section rather than omitting a few words:

"Upon any indictment for embezzlement, it is sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable."

The judgment is reversed.

Kaus, P. J., concurred.

**ASHBY, J.—**I respectfully dissent. The majority has dutifully followed the literal language of *People* v. *Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997], which assumes prejudice to the defendant when the *Allen* instruction is given. I certainly do not disagree with the policy underlying this procedural rule fashioned by the Supreme Court, especially as it applies to the typical *Gainer*-type situation. The instant case, however, has differences which are significant. First of all, the vote counts as reported by the foreman of the jury were as follows:

| "Count | Final Vote<br>Guilty/Not Guilty | Pre-Allen<br>Instruction Count |
|---|---|---|
| 3 | 10-2 | 3-9 |
| 4 | 10-2 | 8-4 |
| 7 | 10-2 | 5-7 |
| 8 | 10-2 | 9-3 |

| 9  | 11-1 | 9-3  |
|----|------|------|
| 10 | 10-2 | 9-3  |
| 11 | 11-1 | 9-3  |
| 12 | 10-2 | 5-7  |
| 13 | 10-2 | 9-3  |
| 14 | 11-1 | 9-3  |
| 15 | 10-2 | 9-3  |
| 16 | 11-1 | 9-3  |
| 17 | 11-1 | 9-3  |
| 18 | 9-3  | 7-5  |
| 19 | 9-3  | 6-6" |

Secondly, the jury was given the *Allen* instruction on December 28, 1976, but did not reach a verdict until December 31. It seems apparent that those in a minority on the various counts did not feel coerced into capitulating. On several of the counts the *majority* position changed during the deliberations after the *Allen* instruction was given. It is also significant that on 15 of the counts unanimity was not achieved.

Article VI, section 13 of the California Constitution provides: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, . . . or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In most cases, even if prejudice cannot be shown, there is little to indicate that there was no prejudice resulting from the *Allen* instruction. In a case such as the instant case, careful examination of the facts very well could resolve the question of the actual coerciveness of the *Allen* charge on this jury, and, in so doing, avoid the unnecessary expense of another three-month trial. It would be helpful to have a clarification of the *Gainer* rule. Does it apply only when "it is difficult if not impossible to ascertain if in fact prejudice occurred"? In other words, can the presumption of coercion created by *Gainer* be rebutted by the record? Because of the literal application of the *Gainer* rule to this case, we have not considered the case on its merits. However, even a nonexhaustive review of the facts suggests the conclusion that there was no actual prejudice to appellant nor a miscarriage of justice.

Respondent's petition for a hearing by the Supreme Court was denied January 11, 1979. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.